THE PEOPLE OF THE STATE OF NEW YORK, Respondent, *v.* BASIL ANDREACCHI, Appellant.

First Department, June 24, 1927.

Crimes — possession of firearm in violation of Penal Law, § 1897 — defendant was arrested immediately he entered taxicab in which were two other men — three revolvers were found on floor — evidence does not justify conviction.

The defendant was convicted of the crime of possessing a firearm in violation of section 1897 of the Penal Law. The evidence does not justify the conviction, since it appears that the defendant was arrested immediately he entered a taxicab in which there were two other men; that while three revolvers were found on the floor of the taxicab, none of them were in the actual possession of the defendant. While the revolvers were within the immediate reach of the defendant, there is no evidence to show that the defendant had any knowledge of the presence of the revolvers.

MERRELL and FINCH, JJ., dissent, with opinion.

APPEAL by the defendant, Basil Andreacchi, from a judgment of the Court of General Sessions of the County of New York, rendered on the 4th day of April, 1927, convicting him of the crime of possessing a firearm in violation of section 1897 of the Penal Law, after having been convicted of a crime.

*F. R. Serri* of counsel, for the appellant.

*Archibald Firestone, Deputy Assistant District Attorney,* of counsel [*Joab H. Banton, District Attorney*], for the respondent.

O'MALLEY, J. The defendant was apprehended early in the morning of January 29, 1927, as he was entering a taxicab in front of premises 151 Bleecker street. At the time the rear seat was occupied by two men. The evidence was somewhat contradictory as to whether the defendant had actually seated himself on the small front seat on the left and had closed the door of the taxicab or whether he was in the act of so doing, when the arrest was made. The testimony of the arresting officer established that when he

opened the right-hand door the man who sat on that side of the rear seat dropped a revolver to the floor. At the feet of the man who sat to the left, and whom the defendant faced, were found two other revolvers.

The court in its charge instructed the jury in substance that if they believed the evidence of the prosecution they would be entitled to find that the defendant was in constructive possession of any one of the three weapons found in the taxicab. We are of opinion that the learned court erred in so instructing the jury and that the People's evidence when considered as a whole was insufficient to warrant the jury in finding the defendant in constructive possession of any one of the weapons.

The driver of the taxicab testified that the two men who occupied the cab when the defendant entered it engaged him shortly before midnight to drive them from Brooklyn to Manhattan. After crossing the bridge he was instructed to drive to West Houston and Thompson streets. When he reached this point the two men paid him a dollar and instructed him to wait. He kept his engine running while one of the two men entered a building and the other disappeared behind his car. A little later he saw the two men enter the same tenement where they remained for a short time. They returned, re-entered the taxicab and instructed the driver to proceed back to Brooklyn. The witness drove north on Thompson street to Bleecker street where he turned east and just after he turned into Bleecker he was told to pull over to a restaurant or " Coffee Pot " on the left-hand side and was instructed by one of the occupants of the cab to " open the door and wait a minute." The witness did so and just as he brought his car to a standstill three or four feet away from the curb the defendant came hurriedly from the open door of the restaurant and entered the taxicab. It appears that the taxicab had been under surveillance by the arresting officer who saw it on Thompson street. His suspicions were aroused because the lights on the cab were out and when he saw the two men re-enter the taxicab he trailed it to the Bleecker street address.

It is urged by counsel for the People that the jury were warranted in drawing the inference that while the two occupants of the car were in the tenement on Thompson street they may have telephoned the defendant and arranged with him either to provide the revolvers or at least to enter with them upon some criminal conspiracy; and further, that the testimony of the officer to the effect that he saw the defendant after he entered the taxicab in a stooping position with his right hand on the taxicab door and his left hand in the neighborhood of his lap was sufficient to warrant the inference

that it was he who brought the two revolvers found on the floor of the cab.

The defendant did not take the stand, but when arrested told the officer that " he never had those guns and that he was going home, that they gave him a lift because it was raining." He further said he lived four blocks away on Carmine street. Falsity of his statement as to place of residence was not proven.

A mere recital of this evidence is sufficient to establish the inherent weakness of the prosecution's case. In addition, the officer testified positively that he did not see a revolver in either hand of the defendant at any time. The stooping position of the defendant as described by the officer is just as consistent with movements that would be required of him in taking his seat in the cab as it would be with the act of placing weapons at the feet of the man to the left.

It is true that possession in a case of this character has been defined by the Court of Appeals as one " which places the weapon within the immediate control and reach of the accused and where it is available for unlawful use if he so desires." (People v. Persce, 204 N. Y. 397.) But the court further said, " of course, the possession which is meant is a knowing and voluntary one, * * *." While the weapons found on the left side of the floor of the taxicab might be said to be within the immediate reach of the defendant, there is nothing to show that they were available for use for the simple reason that there is insufficient to show under the circumstances here disclosed that the defendant had any knowledge of the presence of the weapons. So far as this record stands, he may have been entirely ignorant of their presence and of any criminal purpose on the part of the other occupants of the cab. The evidence is wholly insufficient upon which such knowledge may be presumed.

The cases relied upon by the People are readily distinguishable. In People v. Amberg (216 App. Div. 791) the defendant entered the taxicab in which the revolvers were found with three other persons and had been in the cab for an appreciable length of time. In People v. Birnbaum (208 App. Div. 477) the defendant admitted that he lived in the room and it was established that he and his two companions had frequented it. In People v. Cassassa (146 App. Div. 953) the defendant was sitting at a table with other men. In the pocket of an overcoat hanging on the back of the chair on which he sat a revolver was found. An inference that he either owned or possessed the coat might fairly be drawn. Here, as already appears, there is some doubt as to whether the defendant had actually seated himself in the taxicab. We do not think that he had been in it for such an appreciable length of time as

would justify an inference that he had knowledge of the presence of the weapons.

The judgment of conviction should be reversed and the indictment dismissed.

McAVOY and PROSKAUER, JJ., concur; MERRELL and FINCH, JJ., dissent.

MERRELL, J. (dissenting). I dissent and vote to affirm the judgment of the Court of General Sessions convicting the defendant of the crime of feloniously possessing a pistol after a prior conviction of a felony. The evidence amply justified the jury in finding the defendant guilty. He was arrested in a taxicab with two others. Three pistols were found in the cab, two of them fully loaded, and also four or five loose cartridges were found. The evidence was sufficient to justify the jury's finding the defendant, at least, in constructive possession of a pistol. He was an old offender. According to the indorsement on the indictment he was convicted in 1919 of carrying a concealed weapon and sentenced to the City Reformatory. In 1920 he was convicted in Federal court of a violation of the Harrison Anti-Narcotic Act and was sentenced to imprisonment in the penitentiary at Atlanta for the term of two years and fifty-nine days, and in 1922 he was convicted at General Sessions of the crime of burglary in the third degree, for which he was sentenced to State prison for a term of four years. With this unsavory record, the defendant should not be permitted to further prey upon his fellowmen, unless the evidence fails to show him guilty of the offense charged beyond a reasonable doubt. I think the evidence in the record fully justified the verdict of guilt.

FINCH, J., concurs.

Judgment reversed and indictment dismissed. Settle order on notice.