THE PEOPLE OF THE STATE OF NEW YORK ex rel. GEORGE DE FEO and Others, Relators, *v.* WARDEN OF CITY PRISON, Respondent.*

Supreme Court, Kings County, February 26, 1930.

*Alfred I. Rosner*, for the relators.

*John I. Lee, Assistant District Attorney,* and *George E. Brower, District Attorney*, for the respondent.

LEWIS, J. The relators, while riding in an automobile, were intercepted by police officers, who found a revolver under the driver's seat. The relators were seated in the rear of the automobile. The cases construing the word " possession " under section 1897 of the Penal Law make conviction impossible unless there is shown which occupant of the automobile possessed the pistol, and this notwithstanding the fact that its presence in an automobile makes it available for instant use by any of the occupants. (*People* v. *Persce*, 204 N. Y. 397; *People* v. *Andreacchi*, 221 App. Div. 136; *People* v. *Kevlon*, Id. 224.) I am compelled, therefore, to discharge the relators. This, and similar cases, establishes the urgent need for legislation making the presence of a forbidden firearm in an automobile or other vehicle presumptive evidence of its possession by all the occupants thereof. Such an amendment would require the occupants of an automobile to explain the presence of the firearm and enable the court to fix the criminal responsibility for its possession. A somewhat similar provision is found in section 1308, Penal Law, with reference to stolen property, and its constitutionality has been upheld. (*People* v. *Rosenthal*, 197 N. Y. 394.)

Writ is sustained, and relators discharged.

---

* See, also, *People* v. *Bellucci* (136 Misc. 174).