THE PEOPLE OF THE STATE OF NEW YORK, Plaintiff, *v.* ROBERT DAVIS, Defendant.

Supreme Court, Criminal Term, Kings County, May 3, 1966.

*Anthony F. Marra* for defendant. *Aaron E. Koota, District Attorney,* for plaintiff.

J. Irwin Shapiro, J. This is a motion "for an order permitting the defendant an inspection of the Grand Jury Minutes, or in the alternative dismissing the indictment".

There were four passengers in the automobile in question. The defendant was one of them. A police officer observed the defendant alighting from the automobile, a stolen vehicle, and after a brief chase apprehended him. Shortly before the car had come to a halt the officer observed "an object thrown from the right side of the vehicle", which upon recovery turned out to be a sawed-off, cut-down rifle. As a consequence the defendant has been indicted for "possession of weapons and dangerous instruments and appliances, as a felony" (Penal Law, § 1897) in that he "had in his possession in a stolen automobile a loaded firearm, to wit: a sawed-off and cut-down rifle, of a size which might be concealed upon the person."

The core of his argument is that no proof was presented to the Grand Jury showing that the sawed-off and cut-down rifle was not in the personal possession of one of the occupants and that, therefore, the statutory presumption which applies against all of the occupants of an automobile when a dangerous weapon is found therein may not in this case be utilized against him.

The defendant is apparently relying upon the provisions of subdivision 3 of section 1899 of the Penal Law which, insofar as material, provides: "The presence in an automobile, other than

a stolen one \* \* \* of any firearm \* \* \* is presumptive evidence of its possession by all persons occupying such automobile at the time such weapon \* \* \* is found, except under the following circumstances: (a) if such weapon \* \* \* is found upon the person of one of the occupants therein ''.

Whether the People could invoke the presumption without showing that the weapon was not in fact '' found upon the person of one of the occupants therein '' is of no moment because the applicable subdivision here is subdivision 2 of section 1899, which, insofar as material, reads: '' 2. The presence in any *stolen vehicle* of any weapon, instrument, appliance or substance specified in section eighteen hundred ninety-seven is presumptive evidence of its possession by all persons occupying such vehicle at the time such weapon, instrument, appliance or substance is found.'' (Emphasis supplied.)

In this case the weapon was flung from a '' stolen vehicle '' and under such circumstances its presence in the automobile '' is presumptive evidence of its possession by all persons occupying such vehicle at the time such weapon, instrument, appliance or substance is found.'' As distinguished from subdivision 3, there is no exception which excludes the utilization of the presumption when the weapon is found upon the person of one of the occupants. If the vehicle is a stolen one, the presumption applies to all of its occupants regardless of whether the weapon is found in the automobile proper or upon the person of one of its occupants.

Where there is a rational connection between the established facts and the conclusions presumed the legislation is valid. In this case the Legislature could, as apparently it did, draw a line of demarcation between those riding in a stolen vehicle and those riding in a vehicle which was not stolen. This court may not say that that distinction is not a rational one. (Cf. *People* v. *Russo,* 278 App. Div. 98, affd. 303 N. Y. 673.)

The necessity for legislation in connection with the carrying of firearms in a moving automobile was highlighted in *People ex rel. De Feo* v. *Warden of City Prison* (136 Misc. 836) wherein the late Mr. Justice Lewis called attention to '' the urgent need for legislation making the presence of a forbidden firearm in an automobile or other vehicle presumptive evidence of its possession by all the occupants thereof.'' He said that the legislation to be adopted should '' require the occupants of an automobile to explain the presence of the firearm and enable the court to fix the criminal responsibility for its possession.''

Thus the court holds that in case of a nonstolen vehicle where the facts establish that the gun is actually possessed by one

particular individual occupying the automobile the presumption of subdivision 3 of section 1899 which imposes upon all of the remaining occupants of such car the obligation to come forward with proof tending to refute the presumption which would otherwise attach to them by virtue of occupancy, does not apply (*People* v. *Logan,* 94 N. Y. S. 2d 681), but where the weapon is found anywhere in a stolen automobile, even if it be on the person of one of the occupants or is seen emanating therefrom, the presumption of possession attaches to all of the occupants of the vehicle.

In the moving papers there is a lurking reference to the fact that the defendant and the weapon were not found in the car simultaneously and that, therefore, the presumption does not apply. However, the presumption applies not only to a situation in which the defendant is actually found in the car with the weapon but to a case where the proof establishes that the defendant and the weapon were at one time in the car together without regard to the location of either the defendant or the proscribed weapon at the time of the defendant's apprehension. (*People* v. *Anthony,* 21 A D 2d 666; cf. *People* v. *Spillman,* 309 N. Y. 295.) As the court said in the *Anthony* case (*supra*), where the police officer saw the defendant leave the automobile, kept the automobile under observation and then saw a pistol inside of it before anyone or anything left the automobile, he, the defendant, was '' under the statute, found in the automobile ' at the time ' the pistol was found there [citing cases].''

The motion to inspect the Grand Jury minutes or, in the alternative, for a dismissal of the indictment is denied.