THE PEOPLE OF THE STATE OF NEW YORK, Plaintiff, *v.* THOMAS DAVIS, Defendant.

Supreme Court, Criminal Term, Queens County, November 18, 1966.

*Irving Schwartz* for defendant. *Nat H. Hentel, District Attorney (Joseph T. Santangelo* of counsel), for plaintiff.

J. IRWIN SHAPIRO, J. This is a motion on behalf of the defendant Davis '' for an order permitting defendant an inspection of the Grand Jury minutes herein, or, in the alternative, dismissing the indictment.''

The defendant Davis and another, while allegedly acting in concert, stand charged under indictment No. 1225-66 with having unlawfully possessed '' a firearm, to wit: a revolver, which firearm was then loaded with ammunition and said possession did not take place in defendants' homes or places of business.''

The underlying facts and circumstances are as follows: On April 23, 1966, at about 8:15 P.M., Patrolman William Krukowski went to Linden and Sutphin Boulevards, Queens County. At the said location, he observed defendant, Thomas J. Davis, seated in the front passenger seat of an automobile. One Ogelthorpe Cousart was seated in the driver's seat.

As the officer approached the automobile, he observed Ogelthorpe Cousart remove a pistol from his person and place it under the automobile seat, between himself and the defendant Davis. The officer ordered both men out of the automobile and removed a pistol which was found to be loaded and operable.

The People do not contend that the automobile in which the defendants were seated was a stolen one (cf. *People* v. *Davis*, 52 Misc 2d 181).

Subdivision 3 of section 1899 of the Penal Law provides in pertinent part, that: '' the presence in an automobile  *  *  * of any firearm  *  *  * is presumptive evidence of its possession by all persons occupying such automobile at the time such weapon  *  *  * is found, except under the following circumstances: (a) if such weapon  *  *  * is found upon the person of one of the occupants therein ''.

In the Davis case (*supra*), although there dealing with the presence of a gun in a stolen vehicle (Penal Law, § 1899, subd. 2), I said (p. 183): '' The necessity for legislation in connection with the carrying of firearms in a moving automobile was highlighted in *People ex rel. De Feo* v. *Warden of City Prison* (136 Misc. 836) wherein the late Mr. Justice LEWIS called attention to ' the urgent need for legislation making the presence of a forbidden firearm in an automobile or other vehicle presumptive evidence of its possession by all the occupants thereof.' He said

that the legislation to be adopted should ' require the occupants of an automobile to explain the presence of the firearm and enable the court to fix the criminal responsibility for its possession '."

Thus I there determined that in the case of a properly possessed vehicle where the facts establish that the gun is actually in the physical possession of one of the individuals occupying an automobile, the presumption of subdivision 3 of section 1899, which imposes upon all of the remaining occupants of such car the obligation to come forward with proof tending to refute the presumption which would otherwise attach to them by virtue of their occupancy of the automobile, does not apply (*People* v. *Logan,* 276 App. Div. 1029), but where the weapon is found anywhere in a stolen automobile, even if it be on the person of one of the occupants, the presumption of possession attaches to all of the occupants of the vehicle (*People* v. *Davis, supra*).

The testimony by the arresting officer that he " observed the co-defendant Cousart go under his shirt, which was outside his pants, take out a gun and stick it under the seat of the **car,** front seat of the car," necessarily satisfies the statutory exception found in section 1899 (subd. 3, par. [a]) of the Penal Law, and the People therefore may not invoke the presumption of possession, which would otherwise attach to all of the occupants of the vehicle in which the gun was found.

The motion to inspect the Grand Jury minutes is denied and upon the court's inspection, the motion to dismiss the indictment is granted.