J. Irwin Shapiro, J.
This is a motion for leave to inspect Grand Jury minutes or, in the alternative, for an order dismissing the indictment.
The indictment contains two counts. The first count charges defendant with the crime of criminal possession of stolen property in the second degree in that, on November 3, 1967, he ‘ ‘ knowingly possessed stolen property owned by albert dente to wit an automobile, with intent to benefit said defendant (s) or person(s) other than the owner thereof or to impede the recovery by an owner thereof ” [sic]. This count is predicated upon section 165.45 of the revised Penal Law which, so far as pertinent here, provides that ‘ ‘ A person is guilty of criminal possession of stolen property in the second degree when he knowingly possesses stolen property, with intent to benefit himself or a person other than an owner thereof or to impede the recovery by an owner thereof
I have read the Grand Jury minutes and I find that there is no proof that defendant “ knowingly ” possessed the automobile in question. Since scienter is a necessary element of the crime charged, the evidence is insufficient to support the first count and it is, accordingly, dismissed.
The second count charges that defendant, acting in concert with accomplices, “ took, operated, exercised control over, rode in *349 or otherwise used a vehicle, owned by albert dente, knowing that he did not have the consent of said owner.” (Emphasis supplied.) Although this count also charges that defendant knew that he did not have the consent of the owner of the automobile in question, independent proof of such scienter is not required to sustain this count.
Subdivision 1 of section 165.05 of the revised Penal Law (entitled “ Unauthorized use of a vehicle ” and known as the “joy riding statute ”), which provides that a person is guilty of unauthorized use of a vehicle when, ‘‘ Knowing that he does not have the consent of the owner, he * * * rides in or otherwise uses a vehicle ”, also provides that a person who commits such act, without the consent of the owner, is presumed to know that he does not have such consent. Consequently, different from the situation under the first count, absence of proof that defendant knew that he did not have the consent of the owner of the stolen vehicle in which he was riding does not fatally fault the evidence to sustain this count of the indictment.
Defendant contends, however, that this presumption violates his rights under the Fifth and Fourteenth Amendments to the United States.Constitution in that it renders “the task of the People * * * less burdensome ” and facilitates a conviction. This contention is without merit and is completely answered by what Chief Judge Ftjld said in People v. Terra (303 N. Y. 332, 334-335) :
“ Presumptions are no innovation in the field of criminal law. For many years legislatures have been enacting statutes providing that certain facts, which in themselves would be insufficient to justify a conviction, shall, when proved, constitute presumptive or prima facie evidence of the existence of the principal fact in issue. Although such provisions undoubtedly facilitate proof of guilt and the task of the prosecution, they are not, for that reason, to be condemned. However, the presumptive device provided for may not be employed in such manner as to impair the right to trial by jury, relieve the prosecution of its burden of proving guilt beyond a reasonable doubt or otherwise deny to persons accused of crime, ‘ those fundamental rights and immutable principles of justice which are embraced within the conception of due process of law.’ (Bailey v. Alabama, 219 U. S. 219, 239; see, also, People v. Cannon, 139 N. Y. 32, 43.) And since a defendant is presumed to be innocent until the contrary is proved, due process, it has been said, demands that ‘ a verdict against [him] * * * be preceded by the introduction of some evidence which tends to prove the elements of the crime charged.’ *350 (Tot v. United States, 319 U. S. 463, 473, per Black, J., concurring.)
“ The validity of a presumption statute, the permissibility of the presumption created, depend, therefore, upon whether, based on life and life’s experiences, a rational connection between the fact proved and the ultimate fact presumed may be said to exist. (See People v. Pieri, 269 N. Y. 315, 324; People v. Cannon, supra, 139 N. Y. 32, 42 et seq.; Board of Commissioners v. Marchant, 103 N. Y. 143, 148; Tot v. United States, supra, 319 U. S. 463, 467-468; Morrison v. California, 291 U. S. 82, 90; Manley v. Georgia, 279 U. S. 1, 5-6, 7; Casey v. United States, 276 U. S. 413, 418; McFarland v. American Sugar Co., 241 U. S. 79, 86; Luria v. United States, 231 U. S. 9, 25; Lindsley v. Natural Carbonic Gas Co., 220 U. S. 61, 82; Bailey v. Alabama, supra, 219 U. S. 219, 238.) ‘ * * * the fact upon which the presumption is to rest must have some fair relation to, or natural connection with the main fact ’ (People v. Cannon, supra, 139 N. Y. 32, 43); ‘ What is proved must be so related to what is inferred * * * as to be at least a warning signal * * * experience must teach that the evidence held to be inculpatory has at least a sinister significance.’ (Morrison v. California, supra, 291 U. S. 82, 90).”
Defendant concedes that the statutory presumption of possession by occupants of an automobile of weapons found in the automobile suffers no constitutional defect. (See, e.g., People v. Russo, 278 App. Div. 98, 101-103.) He contends, however, that since the subject involved firearms in moving automobiles, there was an “ urgent need ” for such statutory presumption, whereas there was no such “ urgent need ” for the enactment of the presumption under consideration.
In this, defendant is in error. In People ex rel. De Feo v. Warden (136 Misc. 836) it was pertinently said: “ The relators, while riding in an automobile, were intercepted by police officers, who found a revolver under the driver’s seat. The relators were seated in the rear of the automobile. The cases construing the word ‘ possession ’ under section 1897 of the Penal Law make conviction impossible unless there is shown which occupant of the automobile possessed the pistol, and this notwithstanding the fact that its presence in an automobile makes it available for instant use by any of the occupants. (People v. Persce, 204 N. Y. 397; People v. Andreacchi, 221 App. Div. 136; People v. Kevlon, Id. 224.) I am compelled, therefore, to discharge the relators. This, and similar cases, establishes the urgent need for legislation making the presence of a forbidden firearm in an automobile or other vehicle presumptive evidence of its possession by all the occupants thereof. Such an amendment would require the *351 occupants of an automobile to explain the presence of the firearm and enable the court to fix the criminal responsibility for its possession. A somewhat similar provision is found in section 1308, Penal Law, with reference to stolen property, and its constitutionality has been upheld. (People v. Rosenthal, 197 N. Y. 394.) ”
The need for a similar presumption that those occupying a stolen automobile know that they do not have the consent of the owner to do so is equally urgent. It is common knowledge that the stealing of cars by youngsters — albeit for joy riding — is deplorably widespread and an extremely dangerous situation in the community. The daily press frequently reports the killing and maiming of persons resulting from attempts of occupants of stolen cars to elude police pursuit. One who rides in a stolen car most probably has knowledge that it was stolen and aids and abets in its illegal use — if not in its theft. As stated in the Practice Commentary under section 165.05 of the revised Penal Law, the enactment of this presumption was designed to minimize the effectiveness of the convenient defense by occupants claiming ‘ ‘ innocent ignorance of any illegal taking or lack of authorization ”. (McKinney’s Cons. Laws of N. Y., Book 39, vol. 1, p. 500.) The same reason, as above noted, was the impelling force of the enactment of the statutory presumption as to firearms in a car. (See, e.g., People ex rel. De Feo v. Warden, supra.) There was, indeed, urgent need for the presumption of knowledge of no consent contained in section 165.05.
Motion granted to the extent of dismissing the first count of the indictment and denied in all other respects.