■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v EUGENE LESTER, Appellant.—Appeal by defendant from a judgment of the County Court, Nassau County, rendered December 16, 1976, convicting him of criminal possession of a weapon in the third degree, upon a jury verdict, and imposing sentence. Judgment reversed, on the law and the facts, indictment dismissed, and case remitted to the County Court for the purpose of entering an order in its discretion pursuant to CPL 160.50. Henry Winter, a former policeman, advised Officer Joaquin that occupants of a car parked near the 600 Club in Nassau County were acting suspiciously. Winter advised that one of the occupants appeared to have a pistol and also furnished the license number of the car. When Officer Joaquin began to investigate, he received a radio report to the effect that a robbery was in progress at the 600 Club. He then saw the car that Winter had observed driving away from the scene. Officer Joaquin followed the car and, when it stopped at a red light, drew his gun and arrested its six occupants. A frisk

revealed that Albert Jackson had a .32 caliber revolver in his pocket and a search of the car revealed that a .25 caliber automatic pistol had been concealed below its rear seat. Defendant was convicted of criminal possession of a weapon in the third degree, based upon his presumptive possession of the pistol (see Penal Law, § 265.15, subd 3). On appeal, defendant contends that the People's evidence was insufficient as a matter of law. Commendably, the People concede that there must be a reversal. Defendant's conviction cannot be predicated upon his presumptive possession of the .32 caliber pistol, since the People's expert witness testified that it was inoperable (see *People v Johnson,* 42 Misc 2d 164), and it was found in the personal possession of Albert Jackson (see Penal Law, § 265.15, subd 3, cl [a]). Defendant's presumptive possession could therefore only be predicated upon the concealed .25 caliber pistol. However, undisputed evidence indicated that Alphonso Coleman had personally possessed that weapon and had concealed it below the rear seat moments before the arrest of the occupants of the vehicle by Officer Joaquin. Under these circumstances the People could not invoke the statutory presumption (see *People v Scott,* 53 AD2d 703; *People v Garcia,* 41 AD2d 560; *People v Davis,* 52 Misc 2d 184). Since the People's evidence was insufficient as a matter of law without the benefit of that presumption, the indictment must be dismissed (see CPL 470.20, subd 2). Hopkins, J. P., Martuscello, Latham and O'Connor, JJ., concur.