■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v WENDELL GOODHOPE, Appellant. — Judgment, Supreme Court, Bronx County, rendered November 9, 1979, convicting defendant after a jury trial of bribery in the second degree, criminal possession of a controlled substance in the fifth degree, and criminal possession of a controlled substance in the seventh degree, and sentencing him to concurrent definite terms of imprisonment of one year on each conviction, modified, on the law, to reverse the convictions for criminal possession of a controlled substance in the fifth degree and criminal possession of a controlled substance in the seventh degree and remand these charges for further proceedings, and otherwise affirmed. The defendant was the owner and operator of a vehicle stopped by police officers for alleged traffic infractions in the early morning of August 9, 1977. Seated next to the defendant was a young woman named Hardy, and to her right was a man named Sinclair. As testified to by police officers, Sinclair was observed placing a handgun in a bag on his lap which he tried to pass to Hardy with a comment "Here's your bag." The gun, a .38 caliber revolver, was removed from the bag and the three occupants of the car were placed under arrest. There followed a conversation between the defendant and a Sergeant Di Martini some distance from the vehicle in which the defendant gave the officer $205 to take care of the matter. The officer accepted the money and informed the defendant that he was also charged with bribery. Returning to the vehicle Sergeant Di Martini allowed Hardy, who said she was ill, to sit in the car. He later noticed that she had her hand on a black leather bag, which he seized and the contents of which included another gun and quantities of cocaine and heroin. The sergeant testified that the bag was not on the seat prior to Hardy re-entering the car. The defendant was convicted of criminal possession of a controlled substance in the fifth degree and in the seventh degree, and of bribery in the second degree. Although a number of issues are pressed on this appeal, the only one that requires comment in our

view concerns the court's charge with regard to the statutory presumption set forth in subdivision 1 of section 220.25 of the Penal Law. The court charged in substance that the jurors might infer from the presence of controlled substances in the automobile that the substances were "knowingly possessed by each and every person in the automobile at the time" such substances were found, going on correctly to inform the jury that this inference was permissive and did not shift the burden of proof. It was clearly appropriate for the trial court to charge the statutory presumption, notwithstanding the defendant's testimony that he had separately picked up Sinclair and Hardy during the course of the evening, that each was carrying a dark bag, and that he had no knowledge of the contents of either of the bags. (See *People v Leyva*, 38 NY2d 160, 169, 170.) However, it was error to deny what was in substance a request by defendant to charge the statutory exception set forth in section 220.25 (subd 1, par [c]) that applies "when the controlled substance is concealed upon the person of one of the occupants." The defendant's testimony that the two bags, including the one containing the controlled substances, were separately carried into his vehicle by the passengers, and that he had no knowledge of the contents of the bags, raised a factual issue entitling him to a charge with regard to the above-quoted statutory exception. (See *People v Lester*, 61 AD2d 844; *People v Scott*, 53 AD2d 703; *People v Garcia*, 41 AD2d 560.) Indeed, even without that testimony by the defendant the events described by the police officers presented a factual issue as to whether or not the bag containing the controlled substances was in the sole and exclusive possession of Hardy. (Cf. *People v Lemons*, 40 NY2d 505, 511, affd *sub nom. Ulster County Ct. v Allen*, 442 US 140.) Accordingly, the defendant's convictions arising out of possession of the controlled substances must be reversed and these charges remanded for further proceedings. This determination, of course, does not impair the validity of the defendant's conviction for bribery in the second degree and we find no basis in the other issues urged on this appeal to disturb the conviction on that charge. As correctly noted in the defendant's brief, the trial court retains the power to entertain an application for a modification of the sentence imposed on that conviction since defendant has not commenced serving the sentence. Concur — Birns, Sandler, Sullivan and Ross, JJ.

Kupferman, J. P., dissents in a memorandum as follows: I would affirm. The statutory exception on which the majority relies refers to concealment "upon the person". This did not occur here. Moreover, the circumstances, including the defendant's attempt to bribe the police officer, militate against the analysis in the majority memorandum.