■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v WILLIAM WEEDEN, Appellant. — Judgment unanimously modified, on the law and the facts, in accordance with memorandum and, otherwise, affirmed, and defendant remanded to Niagara County Court for resentencing. Memorandum: Defendant has been convicted of one count of unauthorized use of a motor vehicle (Penal Law, § 165.05) and two counts of criminal possession of a weapon, third degree (Penal Law, § 265.02, subd [4]), charges arising because of firearms found in the alleged stolen vehicle (Penal Law, § 265.15, subd 2). His principal contention on appeal is that the convictions must be reversed because the People failed to prove that the vehicle was stolen. At the trial the owner of the automobile testified that she left it with a repairman in the morning, that she did not give defendant or his codefendants permission to use her car and that the car was recovered by the police in the possession of defendant and others that night and returned to her the next day. The People relied solely upon this evidence and did not call the garageman although he had lawful possession of the car and he may have authorized use of it, either lawfully or unlawfully. Accordingly, the People's circumstantial evidence failed to establish defendant's guilt on the unauthorized use charge "'to a moral certainty'" (see

*People v Benzinger,* 36 NY2d 29, 32; see, also, *People v Gonzalez,* 54 NY2d 729), and since criminal possession counts were predicated on the presumption that the weapons were found in a stolen vehicle (see Penal Law, § 265.15, subd 2), they too may not stand. Count No. 2, relating to possession of the .22 caliber pistol, also fails for another reason; the People failed to prove that it was a "[l]oaded firearm" within the statutory definition (see Penal Law, § 265.00, subd 15; *People v Daniels,* 77 AD2d 745, 746). Accordingly, the evidence in the record will support only a conviction of the lesser included offense of criminal possession of a weapon, fourth degree (the .22 caliber revolver) under the second count of the indictment (Penal Law, § 265.01, subd [1]; and, see, Penal Law, § 265.15, subd 3). The third count, involving the shotgun, cannot be similarly reduced because it appears that the shotgun was in the possession of a codefendant when the vehicle was stopped (see Penal Law, § 265.15, subd 3, par [a]; *People v Lester,* 61 AD2d 844). (Appeal from judgment of Niagara County Court, Hannigan, J. — criminal possession weapon, third degree.) Present — Simons, J. P., Callahan, Doerr, Moule and Schnepp, JJ.