■ THE PEOPLE OF THE STATE OF NEW YORK, Appellant, v EDWIN VEREZ, Respondent. [595 NYS2d 446] —Order, Supreme Court, New York County (Edward J. McLaughlin, J.), entered on or about March 4, 1992, which dismissed all charges in the defendant's indictment, unanimously modified, on the law, to reinstate the fifth count charging hindering prosecution in the second degree, and as so modified, affirmed.

Shortly after midnight on August 31, 1990, Police Officers Ramon Ruiz and Jose Ramos heard gunshots across the street from where they were walking on Amsterdam Avenue, near the intersection of West 156th Street in Manhattan, and saw Felix Sanchez and Ricardo Agostini shooting handguns at an unarmed black male, Michael Douglas, who later died from his wounds. As the officers ran toward the scene, Sanchez attempted to shoot Officer Ramos, but his 32 calibre pistol jammed. Sanchez then fled one block East through an alley to St. Nicholas Avenue and entered a van, which immediately headed South toward West 155th Street, driven by the defendant. As Sanchez fled, Agostini fired his .357 magnum revolver

at Officer Ramos, at which point Officer Ruiz fatally shot Agostini.

Approximately two minutes after the shooting, Police Officer Steven Reinhardt stopped the van two blocks away from where Sanchez had entered it. When defendant and Sanchez were removed from the van, the 32 calibre pistol was found on a bag in the one-foot space between the front bucket seats, still warm from its recent firing, and still jammed with a spent bullet in the chamber.

In a joint indictment, Sanchez was charged with murder in the second degree, attempted murder in the first degree and criminal possession of a weapon in the second degree, Sanchez and the defendant were charged with criminal possession of a weapon in the third degree, and defendant was charged with hindering prosecution in the second degree. Defendant moved to dismiss the indictment for insufficiency, and alternatively for a severance. The court granted a severance and, after Sanchez was tried and convicted of all counts charged against him, granted defendant's motion to dismiss the indictment for legal insufficiency.

Penal Law § 265.15 (3) provides as here pertinent that the presence of a firearm in an automobile is "presumptive evidence of its possession by all persons occupying such automobile at the time such weapon * * * is found, except under the following circumstances: (a) if such weapon * * * is found upon the person of one of the occupants therein". In dismissing the weapon count the court cited *People v Scott* (53 AD2d 703, 704), in which the Appellate Division, Second Department held that the presumption does not apply when "the weapon in question was observed in the *actual* possession of a person other than the defendant just prior to the apprehension of the defendant." The People argue that *Scott* is distinguishable because in each of the cases cited by the Appellate Division in *Scott,* a passenger other than the defendant was seen in actual possession of the weapon just moments before it was recovered *(see, People v Garcia,* 41 AD2d 560; *People v Davis,* 52 Misc 2d 184; *People v Logan,* 94 NYS2d 681, *mod* 276 App Div 1029).

The presumption was enacted by the Legislature as a "rule of necessity" because it was often impossible to obtain a conviction of any of the occupants of a vehicle in which a weapon was recovered, and it should therefore be invoked only where there is an absence of satisfactory evidence establishing to which of the occupants possession is attributable *(see, People v Logan, supra).* The evidence before the grand jury established that it was Sanchez who possessed the gun,

and this was confirmed by the petit jury's verdict convicting Sanchez of possession of the gun. There was accordingly no necessity for invoking the presumption, without which there was insufficient evidence to support that charge in the indictment.

With respect to the charge of hindering prosecution in the second degree, the evidence presented to the grand jury was sufficient to sustain the indictment. Penal Law § 205.60 provides: "A person is guilty of hindering prosecution in the second degree when he renders criminal assistance to a person who has committed a class B or class C felony." Penal Law § 205.50 provides in pertinent part that a person renders criminal assistance

"when, with intent to prevent, hinder or delay the discovery or apprehension of * * * a person who he knows or believes has committed a crime * * * he * * *

"(3) [p]rovides such person with * * * transportation".

The evidence that Sanchez fled directly to the van and that defendant drove off immediately after hearing shots fired strongly suggests that defendant believed Sanchez had committed a crime when he provided transportation to Sanchez. Defendant did not have to believe that the crime Sanchez had committed, or for which he was being sought by the police, was a class B or class C felony, or that the crime was a felony in any degree (see, Donnino, Practice Commentary, McKinney's Cons Laws of NY, Book 39, Penal Law § 205.50, at 509-510). Concur—Murphy, P. J., Carro, Rosenberger and Ross, JJ.