83 N.Y.2d 921 (1994)
638 N.E.2d 951
615 N.Y.S.2d 306
The People of the State of New York, Appellant,
v.
Edwin Verez, Also Known as Edwin Velez, Respondent.
Court of Appeals of the State of New York.
Argued May 5, 1994
Decided June 9, 1994.
Robert M. Morgenthau, District Attorney of New York County, New York City (Ellyn Polshek and Patrick J. Hynes of counsel), for appellant.
Edwin A. Rollins, New York City, for respondent.
Chief Judge KAYE and Judges SIMONS, TITONE, BELLACOSA, SMITH and LEVINE concur in memorandum; Judge CIPARICK concurs in result in an opinion.
*922 MEMORANDUM.
The order of the Appellate Division should be reversed, defendant's motion to dismiss the indictment denied in its entirety and the count of criminal possession of a weapon in the third degree reinstated.
Shortly after midnight on August 31, 1990, two police officers on Amsterdam Avenue in Manhattan, near the intersection of West 156th Street, heard gunshots from across the street and saw Felix Sanchez and Ricardo Agostini firing *923 handguns at an unarmed black male. As the officers ran toward the scene, Sanchez attempted to shoot one of them, but his pistol jammed. Sanchez fled through an alley one block to St. Nicholas Avenue and entered a van driven by the defendant. Agostini was shot by the officers during the chase. The van headed south toward West 155th Street and was stopped shortly thereafter by Police Officer Steven Reinhardt two blocks away from where Sanchez had entered it. When defendant and Sanchez were removed from the van, a .32 calibre pistol was found on a bag in the space between the front bucket seats, the pistol still warm from a recent firing and still jammed with a spent bullet in the chamber.
In a joint indictment, Sanchez was charged with murder in the second degree, attempted murder in the first degree and criminal possession of a weapon in the second degree, Sanchez and the defendant were charged with criminal possession of a weapon in the third degree, and defendant was charged with hindering prosecution in the second degree.
Defendant moved to dismiss the indictment for insufficiency. He contended that the possession count, based on the presumption contained in Penal Law § 265.15 (3), was insufficient because, inasmuch as the gun had been seen in Sanchez's possession, the exception contained in paragraph (a) of that section applied. Supreme Court agreed and, absent other evidence of actual or constructive possession, dismissed the indictment. The Appellate Division reinstated the hindering count but otherwise affirmed (191 AD2d 378).
The issue is whether defendant was entitled to the benefit of the exception. If he was not, the statutory presumption established a prima facie case of unlawful possession on the facts recited (see, People v Lemmons, 40 N.Y.2d 505, 510).
Penal Law § 265.15 (3) (a) provides that the presence in an automobile of "any firearm * * * is presumptive evidence of its possession by all persons occupying such automobile at the time such weapon * * * is found, except * * * if such weapon * * * is found upon the person of one of the occupants therein."
In Lemmons, two handguns had been found in a woman's handbag which rested between the door and the front seat on the floor of a car. All four people in the car had been convicted of possession under section 265.15 (3). The woman who was seated in the front passenger side of the car admitted ownership of the bag and thus the three men in the car *924 contended that the presumption was inapplicable as the weapons had been found upon her person.
We held that the placement of a weapon in a handbag did not necessarily indicate that the owner of the handbag was in sole and exclusive possession of the weapon. Rather, the answer to the question depended "upon the access to the bag that others may have and whether the others have knowledge of its contents" (People v Lemmons, supra, at 511). That presented a question of fact: the applicability of the presumption should not have been taken away from the fact finder unless there was clearcut evidence that the woman possessed it. We noted that by the terms of the statute, the exception applies only where the weapon is found on the person of another citing, as illustrative, instances where the weapon was found under one person's shirt or other items of clothing or in a pocket (see, People v Lemmons, supra, at 511). The exception may also apply where an officer observes a person remove a weapon from his or her person immediately prior to arrest in an attempt to hide it somewhere inside an automobile (see, People v Lemmons, supra, citing People v Garcia, 41 AD2d 560, 561; and People v Davis, 52 Misc 2d 184, 185). However, where the officer does not observe the weapon in the exclusive possession of any one person immediately prior to or at the time of arrest, the exception is inapplicable.
In this case, the weapon was found between the front bucket seats of the van and there was no testimony from Officer Reinhardt indicating he had observed either Sanchez or defendant in possession of the weapon immediately prior to arrest. The exception is, therefore, inapplicable. The presumption is rebuttable and the facts may, as here, suggest an accomplice's ownership. But whether the rebuttal evidence is sufficient to overcome the presumption is a matter for the fact finder, not the court.
CIPARICK, J. (concurring).
While I am constrained to agree with the result reached by the majority, the injustice created under the facts of this case by a literal reading of the exception that the weapon be found on the person of an occupant in a motor vehicle (Penal Law § 265.15 [3] [a]) merits consideration.
Here, the facts clearly demonstrate that the seized weapon had been carried into a waiting van by the individual who attempted to shoot the police officers in his pursuit. The fleeing shooter was then apprehended in the passenger seat of *925 that van minutes after the shooting incident, and the warm pistol jammed with a spent bullet was found between the seats occupied by him and the driver of the van, who by all accounts was in the driver's seat throughout the incident. Certainly, under these circumstances, the efficacy of attributing possession of the weapon to the defendant driver by way of a rebuttable presumption is dubious and compels a result at odds with the legislative impetus for this exception (see, People v Lemmons, 40 N.Y.2d 505, 510-512; People v Wesley, 73 N.Y.2d 351, 361 [statute prompted by the frequency of cases in which the People were unable to secure any conviction when a weapon was concealed in an automobile with more than one occupant]). In this regard, I believe it would be useful for the Legislature to consider an amendment to Penal Law § 265.15 (3) (a) to remedy this statutory injustice.
Order reversed, etc.