■ THE PEOPLE OF THE STATE OF NEW YORK, Appellant, v DEMETRIUS LATHON, Respondent. [992 NYS2d 424]—

Order, Supreme Court, Bronx County (Darcel D. Clark, J.), entered on or about October 9, 2012, which granted defendant's CPL 30.30 motion to dismiss the indictment, unanimously reversed, on the law, the motion denied, the indictment reinstated and the matter remanded for further proceedings.

Defendant's speedy trial motion turns on the preindictment period from April 15, 2011 through August 15, 2011, during which the People were awaiting the results of DNA testing of samples taken from defendant and his codefendant pursuant to a court order. Under the circumstances of this case, this period was excludable as a "delay occasioned by exceptional circumstances" resulting from the "unavailability of evidence material to the people's case" (CPL 30.30 [4] [g] [i]; see People v Robinson, 47 AD3d 847, 848 [2d Dept 2008], lv denied 10 NY3d 869

[2008]). The fact that the automobile presumption (Penal Law § 265.15 [3]) was available to the People to establish defendant's possession of the pistol did not mean that the DNA analysis was not "material" to the People's case, since defendant had expressed his intention to testify before the grand jury for the purpose of disclaiming any connection with the pistol and rebutting the presumption (*see People v Verez*, 83 NY2d 921, 924 [1994]). Moreover, the materiality and necessity of the DNA analysis had already been determined in the court order compelling defendant and his codefendant to provide saliva samples, and defendant does not contend that the People failed to act diligently to obtain the DNA analysis. Concur—Sweeny, J.P., Moskowitz, DeGrasse and Manzanet-Daniels, JJ.