■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MICHAEL SMITH, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Kings County (Meyerson, J.), rendered June 9, 1987, convicting him of criminal possession of a weapon in the second degree, criminal possession of a weapon in the third degree, and reckless endangerment in the first degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is modified, on the law, by dismissing the counts of the indictment charging the defendant with criminal possession of a weapon in the third degree and reckless endangerment in the first degree, and by reducing the defendant's conviction of criminal possession of a weapon in the second degree to criminal possession of a weapon in the fourth degree; as so modified, the judgment is affirmed.

On October 1, 1985, Detective Fogerty and Officers McInerney and Moral attempted to pull over a four-door, brown

Toyota in which the defendant was a passenger. The Toyota sped away, and during the chase which ensued, the officers were fired upon. The evidence adduced at the trial established that the shots were fired from both the driver's side window and the passenger's side window. None of the witnesses was able to identify the shooter with any degree of certainty. During the course of the chase, 1 of the 3 occupants of the car, tumbled from the back of the Toyota with gun in hand. When he hit the ground, the gun flew out of his hand and landed underneath a parked car. When the Toyota finally crashed to a halt, the other two males exited through the driver's door. One of those men, identified by Detective Fogerty as the defendant, went into a crouched position with a gun in his hands. Fogerty fired on them, and the two fled on foot. The defendant was ultimately taken into custody.

We agree with the defendant that the evidence adduced was legally insufficient to establish his guilt, either as a principal or as an accomplice, of criminal possession of a weapon in the second degree and criminal possession of a weapon in the third degree. None of the officers could testify with any degree of certainty as to where the defendant was sitting in the Toyota and where the shooter was sitting. Thus, the evidence was legally insufficient to establish that the defendant possessed a loaded firearm (Penal Law §§ 265.03, 265.02 [4]). Although Detective Fogerty did testify that after exiting the car the defendant took a combat stance with gun in hand, no shots were fired and the gun allegedly possessed by the defendant was never recovered. Thus, the People were unable to establish that the firearm the defendant allegedly possessed was loaded and operable. Nor was the evidence sufficient to establish the defendant's culpability for weapons possession as an accomplice, as that evidence failed to establish beyond a reasonable doubt that the defendant "possessed the mental culpability necessary to commit the crime charged and in furtherance thereof, solicited, requested, commanded, importuned or intentionally aided the principal[s] (Penal Law § 20.00; *People v La Belle,* 18 NY2d 405; *People v Hayes,* 117 AD2d 621, *lv denied* 68 NY2d 668)" *(People v Nieves,* 135 AD2d 579, 580). However, the evidence, to wit, the fact that the defendant was seen with a firearm in hand, was sufficient to establish his guilt of criminal possession of a weapon in the fourth degree *(see,* Penal Law § 265.01 [1]).

Nor was the evidence legally sufficient to establish that the defendant, either as a principal or as an accomplice, committed the crime of reckless endangerment in the first degree.

Since no shots were fired at the time of the defendant's allegedly taking a combat stance, his conduct did not create "a grave risk of death to another person" (Penal Law § 120.25; *see, People v Davis,* 72 NY2d 32). Similarly, there was no evidence to indicate that he solicited, requested, commanded, importuned or intentionally aided his companions in the commission of the crime of reckless endangerment *(see, People v Nieves,* 135 AD2d 579, 581, *supra).* Thus, the judgment of conviction with respect to that count must also be reversed, and that count of the indictment dismissed.

We note that the trial court erred in charging the jury with respect to the so-called automobile presumption, since the weapon in question was found in the possession of one of the other occupants of the car *(see,* Penal Law § 265.15 [3] [a]; *People v Lemmons,* 40 NY2d 505).

Since the defendant has already served the maximum sentence permitted with respect to the class A misdemeanor of criminal possession of a weapon in the fourth degree, we do not remit for resentencing on that count. Brown, J. P., Kunzeman, Eiber and Kooper, JJ., concur.