■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v BRANKO PATRK, Appellant. [595 NYS2d 798] —Appeal by the defendant from a judgment of the Supreme Court, Queens County (Cooperman, J.), rendered April 9, 1990, convicting him of murder in the second degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

Viewing the evidence in the light most favorable to the People (see, People v Contes, 60 NY2d 620), we find that it was legally sufficient to establish beyond a reasonable doubt that the defendant and an accomplice intentionally murdered the female victim by strangulation.

Upon his arrest, and after waiving his *Miranda* rights, the defendant gave an oral statement, later reduced to writing and placed on videotape, to the effect that, after entering the victim's apartment with the codefendant, he held the victim's throat until she fell to the floor, apparently dead. After the murder, the defendant and codefendant wrapped the decedent's body in a sheet, placed it on a table in another room of the apartment, and fled the scene. Six days after the crime, the victim's decomposing body was found in her apartment, wrapped in the sheet as described by the defendant. An autopsy revealed the cause of death to be strangulation.

At trial, the People called two friends of the defendant who testified that the defendant had told them a few months after the crime that he had killed the decedent. One of these witnesses testified that the defendant stated that the codefendant forced the decedent to the floor and held her down while the defendant hit her and choked her to death. The other witness testified that the defendant told her that he had killed the decedent with the help of the codefendant.

The defendant testified that the victim was not strangled by him, but rather by a person named Robert Lance, who was also present in the victim's apartment with the defendant. The defendant attributed his prior inculpatory statements to his fear of Lance, who had threatened to kill him or members of his family if the defendant spoke about Lance's murder of the victim. At a hearing outside the presence of the jury, Robert Lance informed the court that if he were called to testify by the defense, he intended to invoke his Fifth Amendment privilege. Thereafter, the trial court refused to allow the defense to call Lance as a witness.

On appeal, the defendant contends that the trial court committed reversible error in refusing to allow Lance to take the stand to invoke his Fifth Amendment privilege before the jury. We disagree.

It is well-settled that the trial court has broad discretion to determine whether or not to allow a defendant to call a witness for the purpose of having the witness invoke his privilege against self-incrimination before a jury *(see, People v Thomas,* 51 NY2d 466, 472; *People v Sapia,* 41 NY2d 160, 163-164, *cert denied* 434 US 823; *People v Lyons,* 180 AD2d 440). This rule is soundly premised upon the lack of probative value in a witness's refusal to testify as well as the real danger that the jury will erroneously conclude that the witness is guilty of a particular crime *(see, People v Sapia, supra,* at 163-164).

In the context of the instant case, the trial court was correct in not allowing the jurors an opportunity to speculate as to any wrongdoing by the witness by permitting the defendant to call the witness before the jury for the sole purpose of eliciting in open court the witness's refusal to testify *(see, People v Thomas, supra,* at 473).

We have considered the defendant's remaining contentions and find them to be without merit. Bracken, J. P., Eiber, Ritter and Santucci, JJ., concur.