■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v SHERAY PARKS, Appellant. [605 NYS2d 347] —Appeal by the defendant from a judgment of the Supreme Court, Kings County (Barasch, J.), rendered August 8, 1991, convicting him of criminal possession of a controlled substance in the fourth degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant was observed riding in a stolen car with George Bullock, who was driving the car, and the codefendant

Keith Davis. After pursuit by the police, the car stopped. All three occupants of the car exited the car and ran in different directions. The defendant and the codefendant were apprehended and arrested. A search of the car's glove compartment revealed 92 vials of crack cocaine and a plastic bag of crack cocaine. The codefendant was searched at the precinct, and a beeper and $180 in the form of $10 and $20 bills were recovered from his person. The defendant was charged with and convicted of criminal possession of a controlled substance in the fourth degree.

The defendant contends that the trial court erred in failing to expressly instruct the jury as to the rebuttable nature of the "automobile presumption" (see, Penal Law § 220.25 [1]). We disagree. We find that the charge on the "automobile presumption" was sufficient to convey to the jury that the presumption was permissive and not mandatory (see, People v Leyva, 38 NY2d 160). The court was not required to use verbatim the language requested by the defendant (see, People v Cespedes, 171 AD2d 669).

Additionally, viewing the evidence in the light most favorable to the prosecution (see, People v Contes, 60 NY2d 620), we find that it was legally sufficient to establish the defendant's guilt beyond a reasonable doubt. Moreover, upon the exercise of our factual review power, we are satisfied that the verdict of guilt was not against the weight of the evidence (see, CPL 470.15 [5]).

We have considered the defendant's remaining contentions and find them to be without merit. Copertino, J. P., Pizzuto, Santucci and Joy, JJ., concur.