■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CHRISTOPHER SCOTT, Appellant. [605 NYS2d 329] —Appeal by the defendant from a judgment of the Supreme Court, Kings County (Demarest, J.), rendered February 27, 1991, convicting him of criminal possession of a weapon in the third degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant was charged with criminal possession of a weapon in the third degree after his car was stopped for a traffic violation and the arresting officers found a gun in his vehicle. At trial, the arresting officers testified that they had observed the defendant dip his right shoulder towards his passenger and make a sliding motion shortly before he pulled his car to the curb. In addition, the defendant's passenger testified against him and stated that the defendant took the gun from his waistband and slid it under her seat. The trial court, over defense counsel's objection, charged the jury concerning the automobile presumption of possession pursuant to Penal Law § 265.15 (3).

We find that the trial court properly charged the jury with the automobile presumption *(see,* Penal Law § 265.15 [3]). The defendant erroneously contends that the People may not benefit from the automobile presumption because they introduced direct evidence that the defendant was in possession of the weapon prior to its recovery by the police. However, the personal possession exception to this presumption *(see,* Penal Law § 265.15 [3] [a]), upon which the defendant relies, is inapplicable here. The exception is applicable only in instances where the undisputed evidence at trial clearly indicates "that the weapon was actually upon the person of one occupant" of the vehicle *other than the defendant (People v Lemmons,* 40 NY2d 505, 511-512; *People v Smith,* 155 AD2d

704; *People v Velez,* 100 AD2d 603; *People v Lester,* 61 AD2d 844; *People v Scott,* 53 AD2d 703).

We have reviewed the defendant's remaining contentions and find them to be either unpreserved for appellate review *(see,* CPL 470.05 [2]) or without merit. Thompson, J. P., Rosenblatt, Miller and Ritter, JJ., concur.