■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MARK ROSENTHAL, Appellant. [616 NYS2d 199] —Appeal by the defendant from a judgment of the County Court, Westchester County (Murphy, J.), rendered July 8, 1993, convicting him of criminal possession of a controlled substance in the fourth degree, unlawful possession of marihuana, insufficient lighting illumination of a rear license plate, and failure to signal, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed, and the matter is remitted to the County Court, Westchester County, for further proceedings pursuant to CPL 460.50 (5).

We find that the trial court properly exercised its discretion in precluding the defendant from calling the codefendant Paul Danko as a witness solely for the purpose of causing Danko to invoke his privilege against self-incrimination *(see generally, People v Thomas,* 51 NY2d 466; *People v Sapia,* 41 NY2d 160, *cert denied* 434 US 823; *People v Patrk,* 191 AD2d 718).

We also find that the trial evidence supported the County Court's decision to instruct the jury on the statutory presumption of possession *(see,* Penal Law § 220.25 [1]; *see generally, Ulster County Ct. v Allen,* 442 US 140). The defendant was outside the vehicle for less than 5 minutes at the time the cocaine was found *(see generally, People v Heizman,* 127 AD2d 609; *People v Thomas,* 162 AD2d 822), and there was no indication, aside from the defendant's self-serving statements, that the pouch containing the cocaine was concealed on the codefendant Halk's person prior to the arresting trooper ordering the defendant out of the car *(see, People v Lemmons,* 40 NY2d 505, 510-512).

Moreover, the defendant's sentence was not excessive *(see, People v Delgado,* 80 NY2d 780; *People v Suitte,* 90 AD2d 80).

We have reviewed the defendant's remaining contentions and find that they are either unpreserved for appellate review or without merit *(see, e.g., People v Okehoffurum,* 201 AD2d 508; *People v Watson,* 177 AD2d 676). Rosenblatt, J. P., Miller, Ritter and Santucci, JJ., concur.