■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CARLOS FLORES, Appellant. [617 NYS2d 315] —Judgment, Supreme Court, New York County (Jeffrey Atlas, J.), rendered August 11, 1992, convicting defendant, after a jury trial, of criminal possession of a weapon in the third degree, and sentencing him to a term of 5 years probation, unanimously affirmed.

The court properly charged the "automobile presumption" (Penal Law § 265.15 [3]), which presumes possession of a firearm by all occupants of a vehicle "except * * * (a) if such weapon * * * is found upon the person of one of the occupants therein", where, immediately before the arrest, the weapon was in the possession of the codefendant, whereupon defendant and the codefendant both attempted to hide it. "[W]here the officer does not observe the weapon in the exclusive possession of any one person immediately prior to or at the time of arrest, the exception is inapplicable." *(People v Verez,* 83 NY2d 921, 924.)

The fact that defendant himself was seen handling the weapon, along with the codefendant, at the moment of arrest does nothing to render the "upon the person" exception to the automobile presumption applicable *(People v Scott,* 199 AD2d 436, *lv denied* 83 NY2d 858). On the contrary, that fact gave the jury the very sort of ambiguity, as to whether at that moment both defendants were in possession of the weapon, which the "automobile presumption" was designed to help clarify. To the extent defendant argues that the "upon the person" exception should have been submitted to the jury, the

argument is unpreserved (People v Lemmons, 40 NY2d 505, 512), and we decline to review it in the interest of justice. Concur—Murphy, P. J., Sullivan, Rosenberger, Nardelli and Tom, JJ.