■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CHRISTOPHER ANDREW O'BRIEN, Appellant. [622 NYS2d 782] —Appeal by the defendant from (1) a judgment of the Supreme Court, Kings County (Harkavy, J.), rendered March 30, 1992, convicting him of criminal possession of a weapon in the third degree under Indictment No. 265/91, upon a jury verdict, and imposing sentence, and (2) an amended judgment of the same court, also rendered March 30, 1992, revoking a sentence of probation previously imposed by the same court (Marano, J.), upon a finding that he had violated a condition thereof, and imposing a sentence of imprisonment upon his previous conviction of criminal possession of a weapon in the third degree under Indictment No. 7214/87.

Ordered that the judgment and amended judgment are affirmed.

The defendant's contention that the People failed to prove

his guilt of criminal possession of a weapon in the third degree beyond a reasonable doubt is unpreserved for appellate review *(see,* CPL 470.05 [2]). In any event, viewing the evidence in the light most favorable to the prosecution *(see, People v Contes,* 60 NY2d 620), we find that it was legally sufficient to establish the defendant's guilt beyond a reasonable doubt. Moreover, upon the exercise of our factual review power, we are satisfied that the verdict of guilt was not against the weight of the evidence (CPL 470.15 [5]).

Based on the facts of this case, it was proper for the jury to apply the so-called automobile presumption *(see,* Penal Law § 265.15 [3]; *People v Lemmons,* 40 NY2d 505). The "upon the person" exception to the statutory presumption did not apply to the present case because there was no clear-cut evidence that the weapon was found on another's person or in another's exclusive possession prior to the defendant's arrest *(see, People v Velez,* 83 NY2d 921). The court properly instructed the jury regarding the permissive nature of the statutory presumption *(see, Ulster County Ct. v Allen,* 442 US 140, 160-161; *People v Lemmons, supra; People v Williams,* 136 AD2d 132).

The court did not err in failing to give the jury a circumstantial evidence charge since the defendant's conviction was based on both direct and circumstantial evidence *(see, People v Daddona,* 81 NY2d 990).

We have examined the defendant's remaining contentions and find them to be without merit. O'Brien, J. P., Lawrence, Krausman and Florio, JJ., concur.