■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v WARREN LOWERY, Appellant. [648 NYS2d 985] —Appeal by the defendant from a judgment of the County Court, Westchester County (Murphy, J.), rendered November 18, 1994, convicting him of criminal possession of a controlled substance in the third degree, unlawful possession of marihuana, and violation of Vehicle and Traffic Law § 1229-c (3), upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant contends that the trial court's instructions to the jury relating to the presumption of possession of a controlled substance, set forth in Penal Law § 220.25 (1), were improper. The defendant argues that the court improperly declined to instruct the jury, in accordance with his written and oral requests, that the presumption of possession is only "an inference of fact". We disagree. We find that the court properly instructed the jury that it could "presume or infer" possession. The court's charge was sufficient to inform the jurors that the law permits, but does not require, them to presume or infer knowing possession in some circumstances, that the presence of a controlled substance in an automobile is presumptive evidence of knowing possession, that they may presume or infer that the defendant knowingly possessed the controlled substance or reject that presumption or inference, and that the fact that they may infer such knowing possession does not shift to the defendant any burden of proof whatsoever (3 CJI[NY] PL 220.25 [1], at 1738; *see also, People v Gardner,* 163 AD2d 892).

The defendant's sentence was neither harsh nor excessive (*see, People v Suitte,* 90 AD2d 80).

The defendant's remaining contentions are without merit. Miller, J. P., Ritter, Krausman and Florio, JJ., concur.