◼ In the Matter of Tamara E., a Person Alleged to be a Juvenile Delinquent, Appellant. [798 NYS2d 447]—

In a juvenile delinquency proceeding pursuant to Family Court Act article 3, the appeal is from an order of disposition of the Family Court, Kings County (Weinstein, J.), dated July 14, 2004, which, upon a fact-finding order of the same court dated May 21, 2004, made after a hearing, finding that the appellant committed an act which, if committed by an adult, would have constituted the crime of criminal possession of a weapon in the third degree, adjudged her to be a juvenile delinquent, and placed her on probation for a period of 18 months. The appeal brings up for review the fact-finding order dated May 21, 2004.

Ordered that the order of disposition is affirmed, without costs or disbursements.

Viewing the evidence in the light most favorable to the presentment agency (*see Matter of David H.*, 69 NY2d 792 [1987]; *Matter of Rosario S.*, 18 AD3d 563 [2005]), we find that it was legally sufficient to establish, beyond a reasonable doubt, that the appellant committed an act which, if committed by an adult, would have constituted the crime of criminal possession of a weapon in the third degree. Moreover, upon the exercise of our factual review power, we are satisfied that the findings of fact were not against the weight of the evidence (*see Matter of Rosario S., supra*).

Contrary to the appellant's contention, based on the facts of this case, the Family Court properly applied the so-called automobile presumption (*see* Penal Law § 265.15 [3]). The

firearm was found in the glove compartment of a car. Therefore, the "upon the person" exception to that statutory presumption did not apply because there was no clear-cut evidence that the weapon was on another's person or in another's exclusive possession before the appellant's arrest (*id.*; *cf. People v Velez*, 83 NY2d 921, 923-924; *People v Lemmons*, 40 NY2d 505, 511-512 [1976]; *People v O'Brien*, 212 AD2d 741, 742 [1995]; *People v Scott*, 199 AD2d 436 [1993]).

The appellant's remaining contention is unpreserved for appellate review (*cf. People v Udzinski*, 146 AD2d 245 [1989]) and, in any event, is without merit. H. Miller, J.P., Goldstein, Crane and Skelos, JJ., concur.