■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CHRISTOPHER FONDREN, Appellant. [841 NYS2d 554]—

Judgment, Supreme Court, New York County (John Cataldo, J.), rendered March 9, 2006, convicting defendant, after a jury trial, of criminal possession of a weapon in the second and third degrees and unlawful possession of marijuana, and sentencing him to an aggregate term of 3½ years and a fine of $25, unanimously affirmed.

Defendant's arguments concerning his conviction of second-degree weapon possession are unpreserved and we decline to review them in the interest of justice. Were we to review these claims, we would find that the evidence of defendant's intent to use the weapon unlawfully was legally sufficient in light of the statutory presumption of unlawful intent (Penal Law § 265.15 [4]), which the court properly submitted to the jury.

With respect to the conviction of third-degree possession, there was legally sufficient evidence that defendant constructively possessed the weapon outside his home or place of business. The evidence established that, as the police entered the apartment in question, a person acting on defendant's behalf deposited the weapon on the fire escape one floor directly below defendant's bedroom window, and that defendant exercised sufficient dominion and control over the weapon to constitute constructive possession (*see generally People v Manini*, 79 NY2d 561, 574-575 [1992]).

We also find that, with respect to both degrees of possession, the verdict was not against the weight of the evidence. We decline to dismiss the third-degree possession conviction in the interest of justice. Concur—Andrias, J.P., Buckley, Catterson, Malone and Kavanagh, JJ.