■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RONALD MILLER, Appellant. [869 NYS2d 150]—

The defendant's contention that the evidence was not legally sufficient to prove his guilt beyond a reasonable doubt because the accomplice's testimony was uncorroborated is without merit. The People met their burden of demonstrating sufficient independent evidence tending to connect the defendant to the crimes charged (*see People v Besser*, 96 NY2d 136, 143-144 [2001]).

In fulfilling our responsibility to conduct an independent review of the weight of the evidence (*see* CPL 470.15 [5]; *People v Danielson*, 9 NY3d 342 [2007]), we nevertheless accord great deference to the jury's opportunity to view the witnesses, hear the testimony, and observe demeanor (*see People v Mateo*, 2 NY3d 383, 410 [2004], *cert denied* 542 US 946 [2004]; *People v Bleakley*, 69 NY2d 490, 495 [1987]). Upon reviewing the record here, we are satisfied that the verdict of guilt was not against the weight of the evidence (*see People v Romero*, 7 NY3d 633 [2006]).

Contrary to the defendant's contention, there was no improper delegation of judicial authority, and the defendant's presence was not required, when the court clerk spoke to the jurors to tell them to commence deliberations in the morning, after they had been sequestered for the evening. The court clerk did not deliver any instructions to the jurors concerning the mode or subject of their deliberations. The court clerk did not attempt to convey any legal instructions to the jurors, or instruct them as to its duties or obligations (*see People v*

*Bonaparte,* 78 NY2d 26 [1991]; *People v Vasquez,* 2 AD3d 759 [2003]).

Contrary to the defendant's contention, the court's charge was sufficient to convey to the jury that the automobile presumption in Penal Law § 220.25 (1) was permissive and not mandatory (*see People v Lowery,* 232 AD2d 581 [1996]; *People v Parks,* 199 AD2d 426 [1993]).

The defendant's contention that the hearing court erred in denying that branch of his omnibus motion which was to suppress evidence obtained as a result of a traffic stop is without merit. The decision to stop an automobile is reasonable where the police have probable cause to believe that a traffic violation has occurred (*see People v Robinson,* 97 NY2d 341, 348-349 [2001]; *People v Sluszka,* 15 AD3d 421 [2005]). Here, the defendant was stopped based on a violation of Vehicle and Traffic Law § 1180 (a), which states that no person shall drive a vehicle at a speed greater than is reasonable and prudent under the conditions and having regard to the actual and potential hazards then existing. The testimony of a State Trooper at the suppression hearing was that the defendant was traveling at an imprudent speed, given the hazardous weather conditions. The hearing court credited that testimony. The resolution of issues of credibility by a hearing court is entitled to great deference on appeal, and will not be disturbed unless it is clearly unsupported by the record (*see People v Dickerson,* 45 AD3d 778 [2007]). The record supports the court's determination that the Trooper's testimony was credible. Furthermore, the court did not err in denying the defendant's application to reopen the suppression hearing, as the defendant failed to show that additional pertinent facts had been discovered that would have affected the court's ultimate determination of the issue of probable cause (*see* CPL 710.40 [4]; *People v John,* 38 AD3d 568 [2007]).

The defendant's contention concerning comments made by the prosecutor during summation is unpreserved for appellate review, as he raised only a general objection to the challenged comments and failed to move for a mistrial on that ground (*see People v Brown,* 48 AD3d 590 [2008]). In any event, the prosecutor's comments either were responsive to defense counsel's argument, were fair comment on the evidence, or otherwise remained within the broad bounds of rhetorical comment permissible in closing argument (*see People v Holmes,* 47 AD3d 946 [2008]).

The defendant's contention in his supplemental pro se brief that trial counsel was ineffective is without merit. The evi-

dence, the law, and the circumstances, viewed in totality and as of the time of the representation, reveal that trial counsel provided meaningful representation (*see People v Argueta,* 46 AD3d 46 [2007]).

The defendant's contention in his supplemental pro se brief regarding the court's instructions to the jury is unpreserved for appellate review, and in any event, is without merit.

The defendant's remaining contentions in his supplemental pro se brief are without merit. Mastro, J.P., Skelos, Balkin and Belen, JJ., concur.