■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v TRACY ORTIZ, Appellant. [877 NYS2d 175]—

Appeal by the defendant from a judgment of the Supreme Court, Kings County (Goldberg, J.), rendered January 3, 2006, convicting him of criminal possession of a controlled substance in the second degree, conspiracy in the second degree, criminal sale of a controlled substance in the third degree (three counts), criminal possession of a controlled substance in the third degree (seven counts), criminal possession of a controlled substance in the fourth degree (five counts), and criminal possession of a weapon in the third degree (three counts), after a nonjury trial, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant contends that the evidence was legally insufficient to sustain his convictions of criminal possession of a controlled substance in the second degree (Penal Law § 220.18 [1]), conspiracy in the second degree (Penal Law § 105.15), and crim-

inal possession of a weapon in the third degree (three counts) (Penal Law § 265.02 [former (4)]), and that the verdict was against the weight of the evidence.

A defendant may constructively possess drugs if he has dominion or control over them as a result of his authority over the person who actually possesses them (*see People v Manini*, 79 NY2d 561, 573 [1992]). Viewing the evidence in the light most favorable to the prosecution (*see People v Contes*, 60 NY2d 620, 621 [1983]), we find that it was legally sufficient to establish that the defendant exercised dominion or control over the drugs as a result of his authority over the person who actually possessed the drugs, and thus was legally sufficient to establish that he was in constructive possession of the drugs beyond a reasonable doubt (*see People v Manini*, 79 NY2d at 573; *People v Johnson*, 54 AD3d 969, 971 [2008]). In addition, the evidence was legally sufficient to establish that the defendant entered into an agreement with others to commit a class A felony, and committed an overt act in furtherance thereof, establishing that he committed the crime of conspiracy in the second degree beyond a reasonable doubt. Moreover, the evidence was legally sufficient to support the defendant's convictions of criminal possession of a weapon in the third degree as the accomplice testimony was properly corroborated (*see* CPL 60.22 [1]). Further, the evidence, including the wiretapped conversations, was legally sufficient to establish that the defendant exercised dominion or control over certain weapons, as he had authority over the locked safe in which those weapons were located, and thus was legally sufficient to establish that he was in constructive possession of those weapons beyond a reasonable doubt (*see People v Manini*, 79 NY2d at 573; *People v Fondren*, 43 AD3d 707, 708 [2007]).

In fulfilling our responsibility to conduct an independent review of the weight of the evidence (*see* CPL 470.15 [5]; *People v Danielson*, 9 NY3d 342 [2007]), we nevertheless accord great deference to the factfinder's opportunity to view the witnesses, hear the testimony, and observe demeanor (*see People v Mateo*, 2 NY3d 383, 410 [2004], *cert denied* 542 US 946 [2004]; *People v Bleakley*, 69 NY2d 490, 495 [1987]). Upon reviewing the record here, we are satisfied that the verdict of guilt was not against the weight of the evidence (*see People v Romero*, 7 NY3d 633 [2006]). Mastro, J.P., Fisher, Angiolillo and Balkin, JJ., concur.