◼ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v TORRANCE D. MAYE, Appellant. [882 NYS2d 696]—

Appeal by the defendant from a judgment of the Supreme Court, Nassau County (Sullivan, J.), rendered May 4, 2007, convicting him of criminal possession of a weapon in the third degree and leaving the scene of an incident without reporting, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

On June 10, 2006, at approximately 10:00 P.M., an automobile driven by the defendant and owned by his sister collided with a truck on Nassau Road in Roosevelt. After the defendant briefly approached the driver of the truck, the defendant and his passenger fled on foot, leaving the automobile at the scene. Within a short time, the police arrived and observed a loaded revolver on the floor of the automobile in front of the driver's seat. The defendant was arrested two months later and charged, inter alia, with criminal possession of a weapon in the third degree (*see* Penal Law former § 265.02 [4]). At the close of the People's case, the defendant argued that the evidence establishing his possession of the revolver was insufficient. He argued further that the "automobile presumption" contained in Penal Law § 265.15 (3) was inapplicable because the revolver was not found while the defendant was in the automobile, but a few minutes later.

On appeal, the defendant claims, inter alia, that the evidence was legally insufficient and that the court improperly instructed the jury on the automobile presumption. We disagree. Inasmuch as there was evidence that the defendant was in the car shortly

before a gun was discovered in the vehicle under circumstances which made it unlikely that the weapon was placed in the car after the defendant exited, the court properly instructed the jury on the automobile presumption (*see People v Rosenthal,* 207 AD2d 364 [1994]; *People v Heizman,* 127 AD2d 609 [1987]; *cf. People v Thomas,* 162 AD2d 822, 823-824 [1990]). Viewing the evidence in the light most favorable to the prosecution (*see People v Contes,* 60 NY2d 620 [1983]), we find that it was legally sufficient to establish the defendant's guilt of the charged crimes beyond a reasonable doubt (*see Matter of Tamara E.,* 19 AD3d 489, 489-490 [2005]; *People v O'Brien,* 212 AD2d 741, 742 [1995]). Upon our independent review pursuant to CPL 470.15 (5), we are satisfied that the verdict of guilt was not against the weight of the evidence (*see People v Romero,* 7 NY3d 633 [2006]).

The defendant's remaining contentions are without merit. Fisher, J.P., Dillon, Belen and Chambers, JJ., concur.