THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JEROME SHARPE, Appellant. [930 NYS2d 453]—

The Supreme Court's *Sandoval* ruling (*see People v Sandoval,* 34 NY2d 371 [1974]), which permitted the prosecutor to question the defendant, were he to testify, on the underlying facts of two of his prior convictions and as to the existence, among others, of two prior felony convictions, was not an improvident exercise of discretion (*see People v Stapleton,* 41 AD3d 744 [2007]; *People v McLaurin,* 33 AD3d 819, 819-820 [2006]; *People v Myron,* 28 AD3d 681, 683 [2006], *cert denied* 549 US 1326 [2007]; *cf. People v Hayes,* 97 NY2d 203, 207-208 [2002]).

The defendant contends that the evidence was legally insufficient to support his convictions on the drug possession counts and that the Supreme Court should not have instructed the jury

as to the so-called "automobile presumption" (*see* Penal Law § 220.25 [1]). Contrary to the defendant's contention, the evidence supported an instruction on the automobile presumption (*see* Penal Law § 220.25 [1] [c]; *People v Leyva*, 38 NY2d 160, 165-167, 169-170 [1975]; *People v Maye*, 64 AD3d 795, 795-796 [2009]; *People v Rosenthal*, 207 AD2d 364 [1994]). Moreover, the Supreme Court's charge on the presumption, viewed in its entirety (*see People v Rodriguez*, 141 AD2d 678 [1988]), accurately conveyed to the jury that it is permissive, not mandatory (*see People v Miller*, 57 AD3d 568, 570 [2008]; *People v Lowery*, 232 AD2d 581, 582 [1996]; *People v Parks*, 199 AD2d 426, 427 [1993]). Further, viewing the evidence in the light most favorable to the prosecution (*see People v Contes*, 60 NY2d 620 [1983]), we find that it was legally sufficient to establish the defendant's guilt beyond a reasonable doubt (*see People v Maye*, 64 AD3d at 796; *People v O'Brien*, 212 AD2d 741, 742 [1995]). Moreover, in fulfilling our responsibility to conduct an independent review of the weight of the evidence (*see* CPL 470.15 [5]; *People v Danielson*, 9 NY3d 342 [2007]), we nevertheless accord great deference to the jury's opportunity to view the witnesses, hear the testimony, and observe demeanor (*see People v Mateo*, 2 NY3d 383, 410 [2004], *cert denied* 542 US 946 [2004]; *People v Bleakley*, 69 NY2d 490, 495 [1987]). Upon reviewing the record here, we are satisfied that the verdict of guilt was not against the weight of the evidence (*see People v Romero*, 7 NY3d 633 [2006]).

The defendant has not preserved for appellate review his claim that certain of the prosecutor's summation comments deprived him of a fair trial (*see* CPL 470.05 [2]; *People v Morris*, 2 AD3d 652 [2003]; *People v McHarris*, 297 AD2d 824, 825 [2002]). In any event, the prosecutor's statements, for the most part, constituted fair comment on the evidence and the inferences to be drawn therefrom (*see People v McHarris*, 297 AD2d at 825), and any comments that were improper did not, singly or in combination, deprive the defendant of a fair trial (*see People v Jimenez*, 84 AD3d 1268 [2011]; *People v Almonte*, 23 AD3d 392, 394 [2005]). Angiolillo, J.P., Balkin, Hall and Cohen, JJ., concur.