The hearing court properly denied that branch of the defendant’s omnibus motion which was to suppress a gun recovered from the defendant’s automobile. The evidence supported the hearing court’s determinations, inter alia, that the gun was in plain view, and that the gun’s discovery was inadvertent (see People v Manganaro, 176 AD2d 354, 355-356 [1991]).
Under the circumstances of this case, the trial court properly instructed the jury on the “automobile presumption” contained in Penal Law § 265.15 (3) (People v Maye, 64 AD3d 795, 795-796 [2009]; see People v Heizman, 127 AD2d 609 [1987]; People v Hunter, 82 AD2d 893, 894-895 [1981], affd 55 NY2d 930 [1982]).
Viewing the evidence in the light most favorable to the prosecution (see People v Contes, 60 NY2d 620, 621 [1983]), we find that it was legally sufficient to prove the defendant’s guilt beyond a reasonable doubt. Moreover, in fulfilling our responsibility to conduct an independent review of the weight of the evidence (see CPL 470.15 [5]; People v Danielson, 9 NY3d 342, 348 [2007]), we nevertheless accord great deference to the factfinder’s opportunity to view the witnesses, hear the testimony, and observe demeanor (see People v Mateo, 2 NY3d 383, 410 [2004], cert denied 542 US 946 [2004]; People v Bleakley, 69 NY2d 490, 495 [1987]). Upon our review of the record, we are satisfied that the verdict of guilt was not against the weight of the evidence (see People v Romero, 7 NY3d 633 [2006]).
The defendant was afforded the effective assistance of counsel (see People v Turner, 5 NY3d 476, 480 [2005]; People v Baldi, 54 NY2d 137, 146-147 [1981]). Skelos, J.P., Florio, Lott and Miller, JJ., concur.