People v Drayton-Archer (2018 NY Slip Op 01934)





People v Drayton-Archer


2018 NY Slip Op 01934


Decided on March 21, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on March 21, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
LEONARD B. AUSTIN
SANDRA L. SGROI
BETSY BARROS, JJ.


2013-11401
 (Ind. No. 1033/12)

[*1]The People of the State of New York, respondent,
v Mickail L. Drayton-Archer, appellant.


Paul Skip Laisure, New York, NY (Samuel Brown of counsel), for appellant.
Richard A. Brown, District Attorney, Kew Gardens, NY (John M. Castellano, Johnnette Traill, Nancy Fitzpatrick Talcott, and Deborah E. Wassel of counsel), for respondent.



DECISION & ORDER
Appeal by the defendant from a judgment of the Supreme Court, Queens County (John Latella, J.), rendered December 16, 2013, convicting him of criminal possession of a weapon in the second degree (two counts), failing to stop at a steady red signal (three counts), unlawful fleeing a police officer in a motor vehicle in the third degree, and reckless driving, upon a jury verdict, and imposing sentence.
ORDERED that the judgment is modified, on the law, by vacating the convictions of criminal possession of a weapon in the second degree and the sentences imposed thereon; as so modified, the judgment is affirmed, and a new trial is ordered on those counts of the indictment.
The defendant was charged, inter alia, with four counts of criminal possession of a weapon in the second degree. The charges were based upon allegations that the defendant, while driving a vehicle, sped away when police officers approached the vehicle in an attempted vehicle stop and led police on a chase through parts of Queens, during which another occupant of the vehicle allegedly threw a firearm from the rear passenger side window. After a jury trial, the defendant was convicted of two counts of criminal possession of a weapon in the second degree and certain traffic violations. The defendant appeals.
Contrary to the defendant's contention, his Batson challenges (see Batson v Kentucky, 476 US 79) were properly denied. Once the prosecutor set forth race-neutral reasons for the peremptory strikes, the defendant failed to meet his burden of establishing that those reasons were pretextual (see People v Hecker, 15 NY3d 625, 663-664; People v Smocum, 99 NY2d 418, 423-424; People v Gonsalez, 144 AD3d 841, 842; People v Allen, 71 AD3d 778, 779).
The defendant's contention that he received ineffective assistance of counsel because trial counsel neither objected to the Supreme Court taking the verdict without seeking clarification as to whether the jury withdrew a request for a read back of certain testimony, nor requested himself that such testimony be read back, is without merit (see People v Murphy, 133 AD3d 690, 691; see also People v Brown, 17 NY3d 742, 743-744; People v Rivera, 71 NY2d 705, 709).
Viewing the evidence in the light most favorable to the prosecution (see People v Contes, 60 NY2d 620, 621), we find that it was legally sufficient to establish the defendant's guilt of two counts of criminal possession of a weapon in the second degree beyond a reasonable doubt (Penal Law § 265.03[1][b]; [3]; see People v Watkins, 151 AD3d 1913, 1914; People v Graham, 138 AD3d 1242, 1243; People v Johnson, 94 AD3d 1408, 1409; People v Ortiz, 61 AD3d 779, 780; People v Carney, 18 AD3d 242, 243; People v Santiago, 199 AD2d 290, 290). Moreover, upon our independent review pursuant to CPL 470.15(5), we are satisfied that the verdicts of guilty as to criminal possession of a weapon in the second degree were not against the weight of the evidence (see People v Romero, 7 NY3d 633).
However, the Supreme Court erred in granting the People's request for a jury charge on the automobile presumption of possession of a weapon (see Penal Law § 265.15[3]). Both police officers who pursued the vehicle being driven by the defendant testified that the gun was seen solely in the physical possession of the other occupant of the vehicle who threw it out the rear passenger side window. This clear-cut evidence that the gun was observed exclusively in the possession of an identified occupant of the vehicle renders the automobile presumption inapplicable and it was error for the court to have charged that presumption (see People v Williams, 146 AD2d 659, 660; cf. People v Verez, 83 NY2d 921, 924; People v Lemmons, 40 NY2d 505, 511; Matter of Tamara E., 19 AD3d 489, 490; Matter of Rhamel C., 261 AD2d 125, 125; People v O'Brien, 212 AD2d 741, 742; People v Velez, 100 AD2d 603, 604). The error in giving the charge was not harmless since it is impossible to determine whether the guilty verdict was based on this improper jury charge rather than the proper charges pertaining to the People's alternative theories of constructive possession and acting in concert (see People v Kims, 24 NY3d 422, 438; People v Martinez, 83 NY2d 26, 35; People v Golden, 147 AD3d 780, 782; People v Diallo, 137 AD3d 1681, 1682-1683; People v Graves, 136 AD3d 1347, 1348-1349). Accordingly, we must vacate the defendant's convictions of criminal possession of a weapon in the second degree and the sentences imposed thereon and order a new trial on those counts of the indictment.
Since a new trial is ordered, we note that, while unpreserved for appellate review (see CPL 470.05[2]; People v Jones, 138 AD3d 1144, 1145; People v Joseph, 114 AD3d 878, 879), the defendant's contention that a circumstantial evidence charge should have been given is without merit since the People's case consisted of both direct and circumstantial evidence (see People v Daddona, 81 NY2d 990, 992; People v O'Brien, 212 AD2d at 742).
In light of our determination, the defendant's remaining contention need not be reached.
DILLON, J.P., AUSTIN, SGROI and BARROS, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court