People v Santiago (2021 NY Slip Op 03756)





People v Santiago


2021 NY Slip Op 03756


Decided on June 11, 2021


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on June 11, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: CENTRA, J.P., NEMOYER, TROUTMAN, WINSLOW, AND BANNISTER, JJ.


597 KA 19-01170

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
MARCUS SANTIAGO, DEFENDANT-APPELLANT. 






FRANK H. HISCOCK LEGAL AID SOCIETY, SYRACUSE (THOMAS M. LEITH OF COUNSEL), FOR DEFENDANT-APPELLANT.
WILLIAM J. FITZPATRICK, DISTRICT ATTORNEY, SYRACUSE (JESSICA N. CARBONE OF COUNSEL), FOR RESPONDENT. 


 Appeal from a judgment of the Supreme Court, Onondaga County (Gordon J. Cuffy, A.J.), rendered January 31, 2019. The judgment convicted defendant upon a jury verdict of criminal possession of a weapon in the second degree and harassment in the second degree (two counts). 
It is hereby ORDERED that the judgment so appealed from is unanimously modified as a matter of discretion in the interest of justice and on the law by reducing the conviction of criminal possession of a weapon in the second degree (Penal Law § 265.03 [3]) under count one of the indictment to criminal possession of a firearm (§ 265.01-b) and by vacating the sentence imposed on count one of the indictment and imposing an indeterminate sentence of imprisonment of 1&frac13; to 4 years on that count, and as modified the judgment is affirmed.
Memorandum: On appeal from a judgment convicting him upon a jury verdict of, inter alia, criminal possession of a weapon (CPW) in the second degree (Penal Law § 265.03 [3]), defendant contends that the evidence is legally insufficient to establish that the firearm recovered by the police was loaded. Although defendant failed to preserve that contention for our review (see People v Gray, 86 NY2d 10, 19 [1995]), we exercise our power to review it as a matter of discretion in the interest of justice (see CPL 470.15 [6] [a]). We agree with defendant. The indictment, inter alia, charged defendant with CPW in the second degree on the ground that he possessed a loaded firearm on a certain date (see Penal Law § 265.03 [3]). At trial, there was no evidence that the firearm was loaded on that date. To the contrary, the victim testified that, on the date in question, defendant put the firearm to her head and pulled the trigger twice, but it did not fire. Because the People presented no direct or circumstantial evidence that the firearm was loaded, we conclude that the evidence is legally insufficient to support the conviction for CPW in the second degree (see People v Smith, 155 AD2d 704, 705 [2d Dept 1989], lv denied 75 NY2d 776 [1989]; cf. People v Spears, 125 AD3d 1401, 1402 [4th Dept 2015], lv denied 25 NY3d 1172 [2015]). We further conclude, however, that the evidence is legally sufficient to support a conviction of the lesser included offense of criminal possession of a firearm, a class E felony (§ 265.01-b), and we therefore modify the judgment accordingly. Because defendant has already served the maximum term of imprisonment permitted for a class E felony, there is no need to remit the matter to Supreme Court for resentencing on that count (see People v McKinney, 91 AD3d 1300, 1300 [4th Dept 2012]). Instead, in the interest of judicial economy, we further modify the judgment by vacating the sentence imposed on count one and by imposing the maximum allowed for a class E felony, i.e., an indeterminate term of imprisonment of 1&frac13; to 4 years (see id. at 1300-1301). Contrary to defendant's further contention, viewing the evidence in light of the elements of the lesser included offense of criminal possession of a firearm (see People v Danielson, 9 NY3d 342, 349 [2007]), we conclude that a verdict convicting defendant of that crime would not be against the weight of the evidence (see generally People v Bleakley, 69 NY2d 490, 495 [1987]; People v Barrett, 188 AD3d 1736, 1738 [4th Dept 2020]).
Defendant next contends that the court erred in failing to charge the jury concerning accomplice testimony (see generally CPL 60.22). Defendant failed to preserve that contention because he did not request such a charge or object to the charge as given (see People v Lipton, 54 NY2d 340, 351 [1981]), and we decline to exercise our power to review it in the interest of justice (see CPL 470.15 [6] [a]). We reject defendant's further contention that his counsel's failure to make such a request denied him effective assistance of counsel. Viewing the evidence, the law and the circumstances of this case in their totality and as of the time of the representation, we conclude that defense counsel provided meaningful representation (see generally People v Baldi, 54 NY2d 137, 147 [1981]).
Although defendant contends that he was denied a fair trial as a result of prosecutorial misconduct during summation, he failed to object to each instance of alleged impropriety that he now raises on appeal, and thus he failed in part to preserve his contention for our review (see People v Torres, 125 AD3d 1481, 1484 [4th Dept 2015], lv denied 25 NY3d 1172 [2015]). In any event, with respect to the alleged instances of misconduct, both preserved and unpreserved, we conclude that " '[a]ny improprieties were not so pervasive or egregious as to deprive defendant of a fair trial' " (id.).
In light of our determination, we need not consider defendant's challenge to the severity of his sentence.
Entered: June 11, 2021
Mark W. Bennett
Clerk of the Court