People v Melendez (2021 NY Slip Op 05196)





People v Melendez


2021 NY Slip Op 05196


Decided on October 1, 2021


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on October 1, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: WHALEN, P.J., SMITH, LINDLEY, TROUTMAN, AND WINSLOW, JJ.


672 KA 19-01175

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
VICTOR VAZQUEZ MELENDEZ, DEFENDANT-APPELLANT. (APPEAL NO. 1.) 






FRANK H. HISCOCK LEGAL AID SOCIETY, SYRACUSE (WILLIAM G. PIXLEY OF COUNSEL), FOR DEFENDANT-APPELLANT. 
WILLIAM J. FITZPATRICK, DISTRICT ATTORNEY, SYRACUSE (KENNETH H. TYLER, JR., OF COUNSEL), FOR RESPONDENT. 


 Appeal from a judgment of the Supreme Court, Onondaga County (Gordon J. Cuffy, A.J.), rendered December 12, 2018. The judgment convicted defendant upon a jury verdict of criminal possession of a weapon in the second degree (seven counts) and criminal possession of a weapon in the third degree (five counts). 
It is hereby ORDERED that the judgment so appealed from is unanimously modified on the facts by reversing those parts convicting defendant of criminal possession of a weapon in the second degree and dismissing counts 3, 5, 8, 11, 13, 16, and 19 of the indictment, and as modified the judgment is affirmed.
Memorandum: In appeal No. 1, defendant appeals from a judgment convicting him upon a jury verdict of seven counts of criminal possession of a weapon (CPW) in the second degree (Penal Law § 265.03 [3]) and five counts of CPW in the third degree (§ 265.02 [8]) and, in appeal No. 2, defendant appeals from a judgment convicting him upon a jury verdict of criminal sale of a firearm in the first degree
(§ 265.13 [1]). In appeal No. 1, defendant contends and the People correctly concede that the verdict is against the weight of the evidence with respect to those counts charging him with CPW in the second degree inasmuch as the People presented no evidence that the firearms were loaded at the time they were in defendant's possession (see generally People v Santiago, 195 AD3d 1460, 1460-1461 [4th Dept 2021]). We therefore modify the judgment in appeal No. 1 by reversing those parts convicting defendant of CPW in the second degree and dismissing counts 3, 5, 8, 11, 13, 16, and 19 of the indictment (see People v Box, 181 AD3d 1238, 1241 [4th Dept 2020], lv denied 35 NY3d 1025 [2020], cert denied — US &mdash, 141 S Ct 1099 [2021]). In light of our determination, we do not address defendant's alternative contention in appeal No. 1.
In appeal No. 2, defendant contends that the verdict is against the weight of the evidence with respect to the count charging him with criminal sale of a firearm in the first degree. Viewing the evidence in light of the elements of the crime as charged to the jury (see People v Danielson, 9 NY3d 342, 349 [2007]), we conclude that the verdict with respect to that count is not against the weight of the evidence (see generally People v Bleakley, 69 NY2d 490, 495 [1987]). Finally, we note that the certificate of conviction in appeal No. 2 incorrectly reflects that defendant was convicted upon a plea of guilty, and it must therefore be amended to reflect that he was convicted upon a jury verdict (see People v Baldwin, 173 AD3d 1748, 1749-1750 [4th Dept 2019], lv denied 34 NY3d 928 [2019]).
Entered: October 1, 2021
Ann Dillon Flynn
Clerk of the Court